UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABERICK HOLM, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ACIMA CREDIT DIGITAL, LLC (f/k/a ACIMA CREDIT, LLC d/b/a ACIMA CREDIT LEASING,<br><br>Defendant. | Case No.: 3:24-CV-02345-GPC-DTF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>[Dkt. No. 24.] |

Before the Court is Plaintiff's motion for leave to file an amended complaint. (Dkt. No. 24.) Defendant filed an opposition, (Dkt. No. 28), and Plaintiff filed a reply. (Dkt. No. 30.) Based on the reasoning below, the Court GRANTS Plaintiff's motion for leave to file an amended complaint.

**Background**

On October 23, 2024, Plaintiff Gaberick Holm ("Plaintiff") filed a putative class action complaint in San Diego Superior Court against Defendant Acima Credit Digital, LLC ("Defendant") alleging violations of the Military Lending Act, 10 U.S.C. § 987, *et.*

1

*seq.*, ("MLA") and the Truth in Lending Act, 15 U.S.C. § 1638, for Defendant's alleged lending practices.  As to the MLA, Plaintiff claims that Defendant's loans (1) charge interest above the 36% statutory Military Annual Percentage Rate ("MAPR") cap; (2) fail to provide any required MLA Disclosures; (3) include a Class Action Ban and Waiver of Jury Trial; and (4) include a mandatory binding arbitration clause.  (Dkt. No. 1-2, Compl. ¶ 54.)

On December 16, 2024, Defendant removed the action to this Court on federal question jurisdictional grounds.[1]  (Dkt. No. 1.)  In this motion, Plaintiff seeks to amend his complaint to: (1) allege "additional facts bearing on the question of whether Defendant's purported leases were, in fact, consumer credit agreements covered by the MLA"; and (2) clarify the "contours of the putative classes."  (Dkt. No. 24-1 at 2.[2])  According to Plaintiff, these amendments are necessary to "the Court's analysis of the agreement at issue and whether the MLA applies, in which case the arbitration provision and class waiver [at issue] are void."  *Id.*  Defendant opposes arguing that that proposed amendments "are futile and . . . unfairly prejudice Defendant . . . ."  (Dkt. No. 28.)  On March 6, 2025, Plaintiff filed a reply.  (Dkt. No. 30.)

## Discussion

Under Federal Rule of Civil Procedure ("Rule") 15, courts "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th

---

[1] On January 7, 2025, Defendant filed a motion to dismiss class claims and stay individual claims in favor of arbitration.  (Dkt. No. 17.)  The parties agreed to pause briefing on the motion to dismiss until the Court rules on Plaintiff's motion for leave to file an amended complaint.  (Dkt. Nos. 25, 27.)

[2] Page numbers are based on the CM/ECF pagination.

Cir. 1981)) ("[R]ule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'"). Granting leave to amend rests in the sound discretion of the trial court. *Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985).

"Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."[3] *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *see also Foman*, 371 U.S. at 182 (*Foman* factors). These factors do not carry equal weight; the possibility of delay alone, for instance, cannot justify denial of leave to amend, but when combined with a showing of prejudice, bad faith, or futility of amendment, leave to amend will likely be denied. *DCD Programs, Ltd.*, 833 F.2d at 186; *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999). The single most important factor is whether prejudice would result to the non-movant as a consequence of the amendment. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, Inc., 668 F.2d 1014, 1053 n.68 (9th Cir. 1981). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap. LLC*, 316 F.3d at 1052 (emphasis in original). The burden of demonstrating prejudice falls on the party opposing leave to amend. *DCD Programs, Ltd.*, 833 F.2d at 187. When determining whether to grant leave to amend, courts "must remain guided by 'the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*) (quoting *Noll v. Carlson*, 809 F.2d 1446 (9th Cir. 1987)).

---

[3] Because this is Plaintiff's first request to amend in this action, the Court need not discuss whether Plaintiff has previously amended his complaint.

Plaintiff argues that the *Foman* factors support his motion because the action is in its infancy, he has been diligent in seeking amendment, Defendant will not suffer any prejudice and he alleges a colorable claim under the MLA. On these factors, Defendant contends that the proposed amendments (1) are futile; and (2) will unfairly prejudice it. (Dkt. No. 28 at 2.)

**A.     Futility**

"[A proposed] amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citation and quotation marks omitted). "Denial of leave to amend on this ground is rare. Ordinarily, courts will defer consideration of [futility] challenges . . . until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003); *Green Valley Corp. v. Caldo Oil Co.*, No. 09cv4028-LHK, 2011 WL 1465883, at *6 (N.D. Cal. Apr. 18, 2011) (noting "the general preference against denying a motion for leave to amend based on futility"); *see also Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) ("However, denial [of a motion to amend] on this ground is rare and courts generally defer considerations of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."). As the Ninth Circuit explained, "[i]t would be undesirable to resolve important legal questions on the basis of allegations which are incomplete" and "[i]t has been said that the sufficiency of an amended pleading ordinarily will not be considered on motion for leave to amend." *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963).

"The purpose of the MLA is to protect members of the military and their dependents from the financial pitfalls related to consumer credit and ensure military readiness." *Cal. Pawnbrokers Ass'n, Inc., v. Carter*, No. 2:16cv2141-JAM-KJN, 2016 WL 6599819, at *1 (E.D. Cal. Nov. 8, 2016) (citation omitted). As such, the MLA governs terms of consumer

credit extended to members of the armed forces and their dependents. 10 U.S.C. § 987. The MLA covers "creditor[s] who extend[] consumer credit . . . ." 10 U.S.C. § 987(a). Consumer credit is defined as "credit offered or extended to a covered borrower primarily for personal, family, or household purposes, and that is . . .[s]ubject to a finance charge; or . . . [p]ayable by a written agreement in more than four installments." 32 C.F.R. § 232.3(f)(1)(i)-(ii). Under the MLA, consumer credit does not include "(A) a residential mortgage, or (B) a loan procured in the course of purchasing a car or other personal property, when that loan is offered for the express purpose of financing the purchase and is secured by the car or personal property secured." 10 U.S.C. § 987(i)(6).

Defendant argues that because the Rental Purchase Agreement ("RPA") at issue is a lease agreement and not a credit agreement, the MLA does not apply. (Dkt. No. 28 at 4.) Further, Defendant argues that, due to the Arbitration Agreement signed by the parties, "any adjudication of the Plaintiff's ability to amend the Complaint must, like the Complaint itself, be adjudicated by the arbitrator." (*Id.* at 5-6.) Finally, Defendant argues that Plaintiff's proposed amendments are futile because the amendments "have no bearing whatsoever on Plaintiff's TILA claim, which must be arbitrated . . .because there is no comparable provision under TILA prohibiting disputes arising under TILA to proceed to arbitration." (*Id.* at 6.) Plaintiff replies that Defendant's futility argument is merely a recitation of the arguments from its motion to dismiss in favor of arbitration and is not appropriate on a motion to amend. (Dkt. No. 30 at 4-5.) Further, Plaintiff maintains that the enforceability of the arbitration provision is a question for the court and not the arbitrator. (*Id.* at 5.) Finally, he argues that if the contract falls under the MLA, any agreement to arbitrate in the contract is void. (*Id.* at 7-8.)

At this stage of the litigation, the Court is not ruling on the sufficiency of the proposed pleadings, but only on whether "no set of facts" can be proven that would constitute a valid and sufficient claim. *See Missouri ex rel. Koster*, 847 F.3d at 656 (citing

*Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).  Here, the parties dispute whether the RPA is a consumer credit agreement subject to the MLA or a lease agreement, not subject to the MLA.  A resolution on this issue will determine whether the dispute is subject to arbitration.  The proposed amendments may support a valid MLA claim if the terms of the RPA constitute a consumer credit agreement.  However, the Court is not in a position to rule on the sufficiency of the proposed amended complaint.  *See Breier*, 316 F.2d at 790; *see also Taylor v. Alore, LLC*, No. C19-5086-BHS, 2019 WL 4058980, at *2 (W.D. Wash. Aug. 27, 2019) ("[Plaintiff] presents arguments on futility which are more appropriate to a fully-briefed motion to dismiss than to opposition to a motion for leave to amend.").  Therefore, the Court concludes that the proposed amendment is not futile and that the issue of whether the RPA is a consumer credit agreement is better resolved in a later motion to dismiss.  *See Breier*, 316 F.2d at 790 ("It [is] undesirable to resolve important legal question on the basis of allegations which are incomplete[.]").

**B.   Prejudice**

"Prejudice is the touchstone of inquiry under Rule 15(a)," and "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap. LLC*, 316 F.3d at 1052 (internal quotation marks omitted).  Prejudice may exist where new allegations "greatly alter[] the nature of the litigation" and would require defendants to undertake, "at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Peterson v. California*, No. 1:10-cv-01132-SMS, 2011 WL 3875622, at *3 (E.D. Cal. Sept. 1, 2011) ("[W]hen, after a period of extensive discovery, a party proposes a late-tendered amendment that would fundamentally change the case to incorporate new causes of action and that would require additional discovery, the amendment may be appropriately denied as prejudicial to the opposing party.").

Defendant argues that because it has already filed a motion to dismiss, "to permit Plaintiffs' amendment now would moot Acima's Arbitration Motion, thereby delaying the resolution of that pending motion and requiring Acima to file a new arbitration motion directed to the amended complaint," which would prejudice Defendant due to the time and resources necessary to re-litigate the arbitration issue. (Dkt. No. 28 at 6-7.) Plaintiff disagrees. (Dkt. No. 30 at 8-9.)

First, the litigation is in its early stages, *see Fremantlemedia N. Am., Inc. v. AXA Ins. Co.*, 2010 WL 11601204, at *3 (C.D. Cal. Nov. 5, 2010) (granting motion for leave to amend because, *inter alia*, the case was in "its early stages and neither party ha[d] conducted discovery, except for initial disclosures."), and Plaintiff's proposed amendment does not add new legal claims or theories, but simply provide additional facts to support his claims. Further, expenses incurred before a motion to amend is filed does not constitute prejudice. *United States v. United States Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016). Accordingly, Defendant has failed to demonstrate any prejudice if Plaintiff is granted leave to file an amended complaint.

In sum, the Court concludes that the *Foman* factors support Plaintiff's motion for leave to file an amended complaint.

### Conclusion

For the reasons set forth above, the Court GRANTS Plaintiff's motion for leave to file an amended complaint. Plaintiff shall file an amended complaint within five (5) days of the Court's order. The hearing currently set for April 11, 2025 is hereby VACATED.

**IT IS SO ORDERED.**

Dated: March 27, 2025

Hon. Gonzalo P. Curiel
United States District Judge